### 12216

#### STATE v. BRAZELL

(188 S. E., 252)

1. INTOXICATING LIQUORS—EVIDENCE AS TO ILLEGAL STORING AND TRANSPORTATION OF WHISKEY HELD FOR JURY.—In prosecution for the illegal storing and transportation of whiskey, evidence *held* sufficient to require that question of defendant's guilt be submitted to jury.

2. INTOXICATING LIQUORS—INSTRUCTION AS TO LAW OF CONSTRUCTIVE STORING HELD PROPER UNDER EVIDENCE.—In prosecution for illegal storing and transportation of whiskey, instruction as to the law of

constructive storing *held* proper, under evidence warranting application of such doctrine.

3. CRIMINAL LAW—INSTRUCTION ON REASONABLE DOUBT, REQUIRING JURY TO BE SATISFIED TO MORAL CERTAINTY, HELD NOT ERRONEOUS.— In prosecution for illegal storing and transportation of whiskey, instruction on reasonable doubt, requiring that jury be satisfied to moral certainty *held* not erroneous in that it was favorable to defendant and went farther than usual charge that juries are only required to be satisfied beyond reasonable doubt.

4. CRIMINAL LAW—JUDGE'S STATEMENT THAT THERE WAS CIRCUMSTANTIAL EVIDENCE AS WELL AS EYEWITNESS' EVIDENCE, IN DISTINGUISHING BETWEEN DIRECT AND CIRCUMSTANTIAL, EVIDENCE, HELD NOT ERRONEOUS.—In prosecution for storing and transporting whiskey, trial Judge's statement in his charge to jury that there was circumstantial evidence as well as eyewitness' evidence, in endeavoring to distinguish between direct and circumstantial evidence, *held* not erroneous, since there were eyewitnesses to certain facts in the case, and eyewitness' testimony was not disputed by defendant.

Before HENRY, J., Fairfield, Summer Term, 1926. Affirmed.

M. N. Brazell was convicted for illegal storing and transporting of whiskey, and he appeals. Affirmed.

*Mr. C. T. Graydon,* for appellant, cites: *Circumstantial evidence must point conclusively to the guilt of the defendant:* 130 S. C., 160. *Tracks not sufficient for conviction:* 136 S. C., 30; 126 S. E., 765.

*Mr. J. Lyles Glenn, Jr.,* for respondent.

May 30, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The grand jury of Fairfield County returned an indictment against the defendant, M. N. Brazell, for violation of the prohibition law. The indictment contained two counts; one charging the illegal storing of whiskey, and the other transportation of whiskey. In the trial before Hon. J. K. Henry, in the Court of General Sessions, a verdict of guilty generally was rendered, and thereupon the defendant was sentenced to 12 months' service.

The defendant asks a reversal of judgment and sentence in the lower Court upon several exceptions.

The defendant, both at the close of the testimony for the State and at the close of all the testimony in the case, moved for a directed verdict of not guilty as to the charge of transporting, and, after conviction, he moved for a new trial as to the whole case. The failure of the Court to grant these motions is alleged by three exceptions to have been erroneous.

The contention of the appellant is that the State depended upon circumstantial evidence to establish the guilt of the defendant, and that the testimony in the case was not sufficient to meet the requirements of the law as to circumstantial evidence. Without giving in detail all the testimony of the case, we find certain facts, as related by witnesses, which we think were sufficient to require the Circuit Judge to submit the question of the defendant's guilt to the jury. The defendant resided in Columbia. On April 16, 1927, the day of the alleged offense charged against him, he was in Winnsboro, the County seat of Fairfield County, traveling in a Ford automobile equipped with Firestone "Clover Leaf" tires. His car was watched by Sheriff Macfie and other peace officers. He was seen to stop at a residence in Winnsboro, and thereafter a woman and two children were seen in the car with him. Defendant's car was seen going in the direction of Little Zion Church, about a mile from the town of Winnsboro, and in the public highway near the church there was evidence that a car had been stopped there and parked, and tracks of men, a woman, and children were found near the car. The tracks of the men led from the road into a field to a place about 100 yards from the highway, where several gallons of whiskey in fruit jars were found; the jars of whiskey being wrapped in newspaper known as the Columbia Record, published in Columbia, the home city of the defendant. There was evidence in the road of tracks made by an automobile tire known as the

"Clover Leaf balloon." The officers watched the place where the whiskey was found, and on the next day, April 17th, saw two young men, Coleman and Hendricks, near this place. After a conversation with these two men, the sheriff arrested the defendant, who was identified to the sheriff by Coleman and Hendricks. Coleman and Hendricks testified that on the morning of the 17th of April, the appellant told them that he might find them something to drink; that thereupon they got into the car with him and went to a place near Little Zion Church; that the defendant got out, went down to the woods, and in a little while returned and said he could not find the whiskey; that the defendant told them to meet him at the same place at 2 o'clock in the afternoon and that they could get some from him; that they returned to the place about 2 o'clock, and, while they were there, the officers came up and arrested them, but that the defendant did not show up.

We therefore hold that exceptions 1, 2, and 7, as to the failure to direct a verdict and as to refusal to grant a new trial, are without merit.

The third exception charges error on the part of the trial Judge in instructing the jury as to the law of "constructive storing"; it being alleged that there was no evidence in the case to warrant the application of that doctrine. In our opinion, the résumé of the evidence we have given above is sufficient to show that the charge was not improper under the circumstances.

Pertaining to the law of "reasonable doubt," the Circuit Judge charged the jury as follows:

"Now, when a man is charged with crime, the state is bound to prove that crime with this degree of proof to be furnished to the jury, the jury must have such proof that satisfies them beyond a reasonable doubt of the guilt of the defendant before the state can ask you to find him guilty. *You must have no reasonable doubt; it must be a clear*

*conclusion, not beyond all possibility, but beyond all probability. We are dealing in what do you believe to a moral certainty? What do you believe beyond a reasonable doubt about it? Is he guilty or not guilty? You have to say to a moral certainty, and that means that you believe it beyond all reasonable doubt, have no doubt about it, before you can find him guilty.* * * *

"What is reasonable doubt? That is hard to say, what reasonable doubt it; *but I have to tell you my idea is that a reasonable doubt is that when I reach a conclusion, I am morally certain of it, I have no doubt about it, and believe I am morally certain of my conclusion, I have no doubt about it.* But remember this in the question of a doubt, a doubt must not be a doubt that you make outside of the evidence, or outside of the case, or conjure up outside, but you must have evidence that you can put your finger on this, the proof of it, the evidence of it, 'or this causes me to doubt.' You can't go outside of the case for your doubt in order to acquit. You are confined to the case, what you have heard here. So, if under instructions of the Court, and you might conclude that the defendant might be guilty on one count and not guilty on the other, transporting and not guilty on storing, or storing and not guilty on transporting, then you say which one you think he is guilty of. Or you may conclude from either one, because you have a reasonable doubt about either one, then your verdict would be not guilty."

The appellant, by his exceptions 4 and 5, complains that the charge was prejudicially erroneous. Particular complaint is made as to the language of the Judge when he used the expressions which we have italicized.

As we view the instructions given to the jury, we think they meet all the legal requirements. If there was any error at all, we think the charge was too favorable to the defendant. The instruction that the jury must be satisfied "to a moral certainty" goes a little further

in our opinion than the usual charge given to juries that they are only required. to be satisfied beyond a reasonable doubt.

The basis of the sixth exception is due to the fact 4 that the trial Judge, in his charge to the jury, used this language: "There is circumstantial evidence in this case as well as eyewitness of evidence." The appellant insists that this expression of Judge Henry was in effect a charge on the facts, and that he thereby told the jury that there was in the case two kinds of evidence, direct and circumstantial. A reading of the whole charge, and an examination of the entire record, causes us to think that this exception is not well taken. The trial Judge was endeavoring in his instructions to distinguish between direct and circumstantial. evidence. He charged the jury fully as to circumstantial evidence, and his instructions thereabout were correct, and no complaint is made as to them. There was "circumstantial" evidence in the case, and for that reason it was incumbent upon the trial Judge to inform the jury as to the requisites of that class of testimony before it was proper for them to convict the defendant. We think the idea the Judge intended to convey to the jury, when he used the words, "eyewitness of evidence," was to inform them that a witness might hear, feel, or see something, and that what he heard, saw, or felt might be a circumstance. There were "eyewitnesses" to certain facts in the case, for instance, the tracks, the automobile, the whiskey, the fruit jars, and the newspaper, with which the jars were wrapped. This "eyewitness testimony" was not disputed by the appellant.

In a case of this kind, the Court should give due consideration to all the charge of the Judge. We have done that in this instance, and, as indicated, if there was any error, we think it was favorable to the defendant.

The judgment of this Court is that all the exceptions be dismissed, and the judgment of the Court of General Sessions of Fairfield County be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.